**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| QUALTEQ, INC., d/b/a VCT NEW JERSEY, INC.,[1] | ) | Case No. 11-12572 (KJC) |
| | ) | Jointly Administered |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| ANAR REAL ESTATE, LLC, | ) | Case No. 11-12860 (KJC) |
| Debtor. | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THEIR RELATED CHAPTER 11 CASES PURSUANT TO FED. R. BANKR. P. 1015(B) AND LOCAL RULE 1015-1**

Qualteq, Inc. ("*Qualteq*") and certain of its affiliates, as debtors and debtors in possession, (collectively, the "*First Filed Debtors*"), together with Anar Real Estate, LLC ("*Anar Real Estate*";[2] and together with the First Filed Debtors, the "*Debtors*") hereby move this Court (the "*Motion*"), by and through their proposed undersigned counsel, for entry of an order granting joint administration of their respective chapter 11 cases pursuant to Rule 1015(B) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

---

[1] The Debtors in the Chapter 11 Cases (defined below), along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (ii) 1400 Centre Circle, LLC (7091); (iii) 5200 Thatcher, LLC (6991); (iv) 5300 Katrine, LLC (6016); (v) Automated Presort, Inc. (0850); (vi) Avadamma LLC (4775; 4800; 4810; 4829); (vii) Creative Automation Company (4350); (viii) Creative Investments, a General Partnership (5992); (ix) Fulfillment Xcellence, Inc. (3461); (x) Global Card Services, Inc. (4581); (xi) Unique Data Services, Inc. (1068); (xii) Unique Embossing Services, Inc. (1043); (xiii) Unique Mailing Services, Inc. (2594); (xiv) University Subscription Service, Inc. (3669); (xv) Versatile Card Technology, Inc. (5258); (xvi) Veluchamy LLC (3434); and (xvii) Vmark, Inc. (5904).

[2] The last four (4) digits of Anar Real Estate's federal tax identification number is 9267.

District of Delaware (the "*Local Rules*"). In support of this Motion, the Debtors respectfully state as follows:[3]

**Jurisdiction**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 1015(b) of the Bankruptcy Rules, and Rule 1015-1 of the Local Rules.

**Background**

3. On August 14, 2011 (the "*Initial Petition Date*"), each of the First Filed Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "*Chapter 11 Cases*").

4. Collectively, the Debtors operate one of the largest vertically-integrated direct marketing businesses in North America, providing a full range of direct marketing services to numerous Fortune 500 companies, major national banks, and other well-known customers. The Debtors offer their customers a broad array of services – including database management and customization, customized printing, mail sorting and shipping, and plastic card production and personalization – from multiple state-of-the-art facilities in Illinois, Iowa, and New Jersey. A

---

3 The facts and circumstances supporting this Motion are set forth in (i) the *Declaration of Arun Veluchamy, Vice President of Qualteq, Inc., in Support of First Day Motions* (the "*Qualteq First Day Declaration*"), filed on August 14, 2011 and (ii) the *Declaration of Arun Veluchamy, Manager of Anar Real Estate, LLC and Anar Maintenance, LLC, in Support of First Day Motions* filed substantially contemporaneously herewith (the "*Anar First Day Declaration*").

detailed description of the Debtors' businesses and the events leading to the commencement of these chapter 11 cases is contained in the Qualteq First Day Declaration.

5. On August 16, 2011, this Court entered an order authorizing the joint administration of the First Filed Debtors' Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 1015-1 of the Local Bankruptcy Rules for the District of Delaware (the "*Local Rules*").

6. On August 25, 2011, the Office of the United States Trustee (the "*U.S. Trustee*") appointed a statutory creditors committee pursuant to section 1102 of the Bankruptcy Code (the "*Committee*").

7. On the date hereof, Anar Real Estate (the "*Anar Real Estate*") commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "*Anar Real Estate Chapter 11 Case*"). Anar Real Estate is an affiliate of certain of the First Filed Debtors and provides critical management and maintenance services for certain of the First Filed Debtors' Properties.

8. Contemporaneously herewith, or as soon as practicable hereafter, the Debtors have filed or will file a motion with the Court requesting that all generally applicable orders previously entered and all generally applicable orders currently pending before the Court in the First Filed Debtors' chapter 11 cases apply to Anar Real Estate Chapter 11 Case.

**Relief Requested**

9. In order to optimally and economically administer the Debtors' pending Chapter 11 Cases, the Anar Real Estate Chapter 11 Case should be jointly administered, for procedural purposes only, under the joint case number assigned to the First Filed Debtors (Joint Case No. 11-12572). Pursuant to Bankruptcy Rule 1015(b), "(i)f . . . two or more petitions are pending in

the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b); *see also* Local Rule 1015-1.[4]

10. As was the case with the First Filed Debtors, many of the motions, hearings, and orders that will arise in the Anar Real Estate Chapter 11 Case will be generally applicable to all of the Debtors. By jointly administering the Anar Real Estate Chapter 11 Case with the Chapter 11 Cases, the Debtors will be able to reduce fees and costs resulting from the administration of the cases and ease the onerous administrative burden of having to file multiple and duplicative documents.

11. Further, the rights of the Debtors' respective creditors will not be adversely affected by the joint administration of the Anar Real Estate Chapter 11 Case with the Chapter 11 Cases because this Motion requests only administrative, not substantive, consolidation of the estates. As a result of the relief requested herein, all of the Debtors' creditors – including the creditors of Anar Real Estate – will benefit from the reduced costs of such joint administration. This Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the Debtors' chapter 11 cases by the United States Trustee will be simplified.

12. Based on the foregoing, the joint administration of the Anar Real Estate Chapter 11 Case with the Chapter 11 Cases of the First Filed Debtors is in the best interests of the Debtors, their creditors and equity security holders, and all parties in interest. Accordingly, the

---

[4] "An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden of the court and the parties." Del. Bankr. L.R. 1015-1.

Debtors request that the caption of all of the Debtors' chapter 11 cases be modified to reflect the joint administration of such cases, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| QUALTEQ, INC., d/b/a VCT NEW JERSEY, INC., *et al.*,[1] | ) | Case No. 11-12572 (KJC) |
| | ) | Jointly Administered |
| Debtors. | ) | |

13. The Debtors also request that a docket entry be made in each of the above-captioned cases substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600), Case No. 11-12572 (KJC); 1400 Centre Circle, LLC, Case No. 11-12573 (KJC); 5200 Thatcher, LLC, Case No. 11-12574 (KJC); 5300 Katrine, LLC, Case No. 11-12575 (KJC); Anar Real Estate, LLC, Case No. 11-_____ (KJC); Automated Presort, Inc., Case No. 11-12576 (KJC); Avadamma LLC, Case No. 11-12577 (KJC); Creative Automation Company, Case No. 11-12578 (KJC); Creative Investments, a General Partnership, Case No. 11-12579 (KJC); Fulfillment Xcellence, Inc., Case No. 11-12580 (KJC); Global Card Services, Inc. Case No. 11-12581 (KJC); Unique Data Services, Inc., Case No. 11-12582 (KJC); Unique Embossing Services, Inc., Case No. 11-12583 (KJC); Unique Mailing Services, Inc. Case No. 11-12584 (KJC); University Subscription Service, Inc., Case No. 11-12585 (KJC); VCT, Inc., Case No. 11-12586 (KJC); Veluchamy LLC, Case No. 11-12587 (KJC); Vmark, Inc., Case No. 11-12588 (KJC).

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Qualteq, Inc., d/b/a VCT New Jersey, Inc. (4600); (ii) 1400 Centre Circle, LLC (7091); (iii) 5200 Thatcher, LLC (6991); (iv) 5300 Katrine, LLC (6016); (v) Anar Real Estate, LLC (9267); (vi) Automated Presort, Inc. (0850); (vii) Avadamma LLC (4775; 4800; 4810; 4829); (viii) Creative Automation Company (4350); (ix) Creative Investments, a General Partnership (5992); (x) Fulfillment Xcellence, Inc. (3461); (xi) Global Card Services, Inc. (4581); (xii) Unique Data Services, Inc. (1068); (xiii) Unique Embossing Services, Inc. (1043); (xiv) Unique Mailing Services, Inc. (2594); (xv) University Subscription Service, Inc. (3669); (xvi) Versatile Card Technology, Inc. (5258); (xvii) Veluchamy LLC (3434); and (xviii) Vmark, Inc. (5904).

The docket in Case No. 11-12572 (KJC) should be consulted for all matters affecting the above listed cases.

14. Finally, the Debtors request that the Court enter an order that any creditor filing a proof of claim against any of the Debtors or their respective estates shall file such proof of claim in the particular bankruptcy case of the Debtor against whom such claim is asserted, and not in the jointly-administered case.

15. Joint administration is generally non-controversial, and courts in this jurisdiction and others routinely order joint administration in multiple related cases. *See, e.g., In re Universal Building Products, Inc., et al.*, No. 10-12453 (MFW) (Bankr. D. Del. 2010); *In re U.S. Concrete, Inc.*, No. 10-11407 (PJW) (Bankr. D. Del. 2010); *In re Stallion Oilfield Services Ltd.*, No. 09-13562 (BLS) (Bankr. D. Del. Oct. 20, 2009); *In re Visteon Corp.*, No. 09-11786 (CSS) (Bankr. D. Del. May 29, 2009); *In re Masonite Corp.*, Case No. 09-10844 (PJW) (Bankr. D. Del. Mar. 17, 2009); *In re Muzak Holdings, LLC*, No. 09-10422 (KJC) (Bankr. D. Del. Feb. 12, 2009); *In Portola Packaging, Inc.*, No. 08-12001 (CSS) (Bankr. D. Del. Aug. 29, 2008).

**Notice**

16. Notice of this Motion has been given to (a) the Office of the United States Trustee, (b) the Debtor's known secured bank lenders, (c) Counsel to the Committee, (d) the Office of the United States Attorney for the District of Delaware, (e) the Internal Revenue Service, and (f) all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b). In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**No Prior Request**

17. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request the entry of an order: (a) authorizing the joint administration of the Anar Real Estate Chapter 11 Case with the jointly administered Chapter 11 Cases of the First Filed Debtors; (b) requiring that any creditor filing a proof of claim against any of the Debtors or their respective estates shall file such proof of claim in the particular bankruptcy case of the Debtor against whom such claim is asserted; and (c) granting such other and further relief as the Court deems appropriate.

Dated: September 11, 2011


FOX ROTHSCHILD LLP

Jeffrey M. Schlerf (DE Bar No. 3047)
Eric M. Sutty (DE Bar No. 4007)
John H. Strock (DE Bar No. 4965)
L. John Bird (DE Bar No. 5310)
919 North Market Street
Wilmington, Delaware 19801
Telephone: (302) 654-7444
Facsimile: (302) 656-8920

-and-

GOLDSTEIN & MCCLINTOCK LLC
Harley J. Goldstein, Esq.
Matthew E. McClintock, Esq.
David A. Hall, Esq.
One Magnificent Mile
980 North Michigan Ave., Suite 1400
Chicago, Illinois 60611
Telephone: (312) 337-7700